### HOLYOKE MACHINE COMPANY *vs.* FRANKLIN PAPER COMPANY

An award of arbitrators, returned to the superior court on an agreement for submission under Gen. Sts. *c.* 147, will not be rejected for the reason that the agreement did not bear a proper United States internal revenue stamp prior to the return of the award; when it does not appear that such omission was with design to evade the law of congress, and when, since such return, it has been supplied in the manner provided by that law.

An award of arbitrators, returned to the superior court on an agreement for submission under Gen. Sts. *c.* 147, will not be rejected for the reason that it finds that there was a breach of a contract, but awards no damages therefor; when the agreement provided that the arbitrators should determine " whether or not there has been any breach of the contract and, if so, what damages, if any, have been caused thereby."

MOTION to set aside an award of arbitrators returned to the superior court in pursuance of an agreement of submission entered into by the parties, under Gen. Sts. *c.* 147, and dated October 6, 1866. By said agreement it appeared that the subject

of arbitration was a contract made by the plaintiffs with the defendants to manufacture certain machinery, and the transactions of the parties under and relating to the same, and that it was agreed that the arbitrators should determine " whether or not there has been any breach of this contract, and, if so, what damages, if any, have been caused the Paper Company thereby." In their award it was certified that they found " that there was a breach of the contract, but that the Paper Company are not thereby entitled to damages, for reasons which were made apparent to the arbitrators." The defendants objected to the acceptance of this award: 1. " because the agreement for submission was without a proper United States internal revenue stamp until after the award was rendered and entered in court, when the proper United States internal revenue stamp was affixed to it by the proper officer, according to law; " by which omission or delay the defendants contended that the award made under such agreement was invalid; and, 2. because the arbitrators found that there was a breach of the contract, but awarded no damages therefor. These objections were overruled by *Rockwell*, J., who allowed the award, whereupon the defendants alleged exceptions.

*W. B. C. Pearsons*, for the defendants, to the first point, cited U. S. St. 1866, *c.* 184, § 9; *Celley* v. *Gray*, 37 Verm. 136; *Hugus* v. *Strickler*, 19 Iowa, 413; *Deerfield* v. *Arms*, 20 Pick. 480; and, to the second point, cited 2 Greenl. Ev. § 254; *Hagan* v. *Riley*, 13 Gray, 515.

*G. M. Stearns*, for the plaintiffs, was not called upon.

By the Court. 1. The omission to affix the stamp required by the statute of the United States was not by design or with intent to defraud, and the omission having been supplied in the manner provided by the act of congress, the submission was rendered valid in like manner as if it had been duly stamped when made. U. S. St. 1866, *c.* 184, § 9. *Tobey* v. *Chipman*, 13 Allen, 123.

2. The matter of damages was by the terms of the submission entirely within the discretion of the arbitrators.

*Exceptions overruled.*