## WHIGHAM ET AL. *vs.* PICKETT.

### [SUIT ON UNSTAMPED NOTE, MADE SINCE 30TH JUNE, 1864.]

1. *Promissory note; what cannot be stamped in open court, and thus read as evidence.*—A promissory note made since the 30th day of June, 1864, is not provided for in the act of that date, and cannot be stamped in open court, and thus stamped, and read in evidence.
2. *Same; when void.*—But such note is not void, unless it was left unstamped at the time it was made, with the intent to defraud the government of its revenue ; such fraudulent intent will not be presumed, but must be proved, as any other fraud is proved.
3. *Same; how made available as evidence.*—Such note may be made available as evidence, by having it stamped by the collector of the revenue of the proper district, under section 158 of said act.

APPEAL from the Circuit Court of Barbour.
Tried before the Hon. J. McCALEB WILEY.

SUIT by Charles Pickett against W. A. Whigham and H. G. Glover, on a promissory note, of which the following is a copy : " One day after date, we, or either of us, promise to pay Charles Pickett, or bearer, three hundred and sixty-eight dollars and eight cents in specie, with interest, from the 1st day of September last, for value received of him. January 30th, 1866.                    W. A. WHIGHAM,
                                        H. G. GLOVER."

The case was tried on the 16th day of November, 1868, the appellee recovering judgment against the appellants for $445 and costs.

On the trial, the appellants reserved the following bill of exceptions : " The plaintiff, after putting his case to the jury, offered to read in evidence a promissory note, of which the following is a copy : [Here follows a copy of the note as above.] The defendants objected to said note being read to the jury, on the ground that there was no internal revenue stamp thereon, and there being no such stamp upon said

note, the court sustained the objection, and refused to permit the plaintiff to introduce said note. The plaintiff then proposed to stamp, and asked leave of the court to stamp said note in open court; the defendants objected to the granting of such leave; the court overruled the objection, and the defendants excepted. Then the plaintiff put upon said note an internal revenue stamp for the appropriate amount, and cancelled the same. After this, plaintiff again offered said note in evidence; the defendants objected to its being read to the jury, for the reason that the court had no power to permit said note to be stamped, and that such attempted stamping was unauthorized by law; the court overruled the objection of the defendants, and permitted said note, in this form, to be read to the jury, and the defendants excepted.

This being all the evidence in the case, the court, upon this evidence, charged the jury, that if they believed the evidence, the plaintiff was entitled to recover a judgment for the number of dollars specified in the note, with interest thereon, from the date of maturity of said note. To this charge of the court, the defendants excepted. The defendants then asked the court to charge the jury, that the note read in evidence against defendants' objection, although stamped by permission of the court, as stated in the evidence, was void in law, and that the plaintiff could not recover upon it. The court refused to give this charge, to which refusal the defendants excepted, and the defendants now tender this, their bill of exceptions, &c."

The defendants now assign as error the charge given, and the refusal to charge as requested.

F. M. WOOD, for appellants.—2. Under the internal reuenue law of congress, which was in force in Alabama on the 20th of January, 1866, when the note sued on was executed, the failure to affix an internal revenue stamp of the appropriate amount thereto, rendered the note void, if the note was executed in the State of Alabama. The proof shows that it was executed in Barbour county, of said State. See U. S. Statutes at Large, 39th Congress, p. 143.

The note not having been stamped at its execution, could

have been stamped afterwards, at any time prior to January 1, 1867, but not afterwards.—See the above authority, and the case of *Blunt v. Bates,* 40 Ala.

SHORTER & BROTHER, for appellee.—1. The act of congress (U. S. Statutes at Large, 39th Congress, p. 143,) does not declare void a promissory note, upon which an internal revenue stamp is affixed *before judgment rendered.*

2. The act of congress is a revenue law; it makes it a penal offense to issue, or put in circulation a promissory note, without first answering to the demands of the government, by the payment of the tax, and this *payment* is evidenced by the appearance upon the note of an internal revenue stamp for the proper amount.

3. While the recovery upon a promissory note, *without a stamp,* might not be permitted by the courts of this State because in fraud of the government's rights, it will permit it, when the note sued on is properly stamped *before judgment,* because the demands of the government are then satisfied.

4. To deny the plaintiff's right of recovery upon a note not stamped, would be declaring void the written contract of the parties, without their consent. The failure to stamp a note at the time of its execution, cannot destroy or impair the contract; nor does the affixing a stamp before judgment, make the contract any more or less binding as between the parties, but it does put it in a position in which the government being paid, the courts will, by their judgments, enforce the written contracts of the parties.

5. To deny the payee of a note the right of recovery, because the maker, at the time of its execution, violated the United States internal revenue laws, *by not stamping it,* would operate a great injury to a party who was otherwise *rectus in curiæ,* and had not violated the revenue law; hence, the provision of the U. S. Statute, 39th Congress, p. 143, and also the recognized policy of the courts in permitting stamps to be affixed *before judgment,* to enable them to use the process of the law in enforcing their contracts.

PECK, C. J.—This was a suit in the circuit court of

Barbour county, and founded upon a promissory note, made in the year 1866, and not stamped at the time it was made.

It was offered to be read to the jury in that condition, and was rejected on the objection of the appellants, defendants in the court below. The plaintiff then, against the objection of the defendants, obtained the leave of the court to stamp the note in the presence of the court, and after it was so stamped, again offered to read the note to the jury. The defendants objected, their objection was overruled, the note was read to the jury, and the defendants excepted. These objections were reserved by a bill of exceptions signed and sealed, at the instance of the defendants.

The evidence is all set out in the bill of exceptions, which is substantially as above stated.  There is no evidence that the note at the time it was made, was left unstamped with the intent to defraud the government of its revenue.  The note, therefore, is not void, but could not be used as evidence, without a proper stamp.

By the act of the congress of the United States, entitled " An act to provide internal revenue to support the government, to pay interest on the public debt, and for other purposes," approved June 30th, 1864, it is provided in the 163d section of said act, that notes unstamped, may be stamped in open court, and thus stamped, may be used as evidence on the trial, provided such notes were made before the passage of said act; but it does not provide for notes made after the passage of said act, if left unstamped at the time of their execution; such notes can only be stamped under the 158th section of said act, which provides that they may be stamped by the collector of internal revenue of the district where they were made. Such notes are only declared void, if made to defraud the revenue.  As there is no evidence in the transcript, that this note was made for that purpose, it will not be presumed it was so made, but it must be proved as any other fraud is proved.  As this note, therefore, may be made available, as evidence, by having it thus stamped, and to give the plaintiff an opportunity to have it done, if he shall desire to do so, the judgment below will be reversed, and

the cause remanded. If the note had been made before the passage of said act, the ruling of the court below would have been right, on the authority of the case of *Blount v. Bates*, 40 Ala. 470.

Both the charge given, and the charge asked, should have been refused. The first, because the note was improperly permitted to be read to the jury, or the stamp put upon it, in the presence of the court. The second, the charge asked, should have been denied, because it asked the court to charge the jury, that the note was void, without any evidence that the note was left unstamped at the time it was made, with the intent to defraud the revenue of the government.

Let the judgment of the court below be reversed, at the costs of the appellee, and remanded for another trial.