[Bates et al. v. Bailcy.]

57   73|
132  320|

# Bates *et al. v.* Bailey.

*Bill in Equity to foreclose Mortgage.*

1. *Mortgagee, title of; when prevails over that of purchaser at execution sale.*—The title acquired by a mortgagee of the defendant in execution, in the interval elapsing between the stay by order of the plaintiff after issue of execution, and the issue of an *alias fi. fa.*, will prevail over the title acquired by a purchaser at a sale under the *alias fi. fa.*

2. *Omission of stamp; when not cause for refusing to admit instrument as evidence.*—The omission of stamps from a mortgage, in the absence of evidence showing an intent to defraud the revenue, will not invalidate the mortgage or prevent its operating a lien and notice, from the date of its filing for record.

APPEAL from Perry Chancery Court.

Heard before Hon. CHARLES TURNER.

The opinion states the case.

PETTUS & DAWSON, for appellants.

BAILEY & LOCKETT and W. L. BRAGG, *contra*.

MANNING, J.—Appellee, Bailey, as complainant in the Chancery Court, filed a bill for the foreclosure of a mortgage of one Blunt to him, bearing date the 4th day of November, 1867. The property it embraced was land in Perry county, which was in possession of appellant, Bates, and others. They claimed it as purchasers in January, 1869, at a sheriff's sale, made to satisfy executions against Blunt; two of which were upon judgments of a date about one year prior to that of the mortgage, and some of a date a few days after that of the mortgage. The two older judgments had been transferred in March, 1867, to defendant, Bates; but the execution of all the judgments, (after writs of execution had been issued thereon), had been suspended by the plaintiffs or owners of them respectively, and was so suspended until some time in the year 1868. During the intervening time the mortgage of Blunt, defendant in the judgments and executions, was made to appellee, Bailey. This, under the decisions in reference to junior execution creditors made in *Wood v. Gary*, 5 Ala. 43; *Patton v. Hayter, Johnson & Co.*, 15 *id.* 18; *Bank at Montgomery v. Broughton*, 15 *id.* 132;

and other cases, and extended to mortgagees, in *Albertson, Douglas & Co. v. Goldsby*, 28 Ala. 711, would, if nothing else prevent, entitle Bailey, the mortgagee, to priority over Bates, as well as over the plaintiffs in the other judgments. But, in opposition to this priority, the defendants below insisted on the invalidity of the mortgage, because, when it was made, revenue stamps had not been affixed to it, under the stamp act of the United States.

The evidence shows that at the time the mortgage was executed, revenue stamps could not be had at Marion, where the parties resided and then were; that the mortgage was, on the day it was executed, delivered to the judge of probate of the county, to be recorded, and left with him for that purpose, though he did not immediately record it, because it was not stamped; that it was recorded about the first of February afterwards; that stamps were a short time subsequently, in the same month, affixed by a revenue officer of the United States, without exacting any penalty for the previous omission of them; and that during all this time the execution of the several judgments referred to was suspended by the parties owning or having control of them.

In *Perryman v. Greenville*, 51 Ala., it was decided (in opposition to the ruling in *Whigham v. Pickett*, 43 Ala. 140), that an unstamped instrument might be read in evidence in the State courts, there being nothing to show that the omission was with intent to defraud the revenue. Other similar decisions have since been made in this court, in cases not yet reported.

In *Holyoke v. Machine Co.*, 97 Mass. 150, a like ruling was made in Massachusetts. In most of the other States there are similar decisions. In *Carpenter v. Snelling, id.* 452, going beyond the cases cited, it was held that the inhibition of the use of unstamped instruments in evidence applied only to cases in the federal tribunals; and in *Moore v. Quirk*, 105 Mass. 49, the same court further decided that the section of the act of Congress forbidding the recording or registration of an unstamped conveyance, must be limited in its interpretation and effect to records required or authorized by the statutes of the United States. Whether this be a correct interpretation or not, it is not necessary for us now to consider. There being no pretence in the present case that the omission of the stamp from the mortgage to Bailey was the result of a fraudulent purpose, that instrument was entitled to be recorded on the day it was deposited with the judge of probate to be recorded. And under sections 1539.

and 1543 of the Revised Code, the lien of the mortgage and constructive notice of its existence must be held to have begun on the 4th of November, 1867, when it was deposited for record.

The decree of the chancellor must be affirmed.