[Fulgham v. Hunking.]

# Fulgham *v.* Hunking.

### *Assumpsit.*

(Decided Nov. 26, 1912.   60 South. 417.)

1. *New Trial; Motion; Time; Continuance.*—Where a motion for a new trial was made within thirty days after judgment, within the time allowed for filing, but was continued by the court beyond that time, it was still subject to be acted upon and was not beyond the powers of the court under section 11, Acts 1888-9, p. 801.

2. *Same; Discontinuance; Waiver.*—While a failure to have a motion for a new trial continued might amount to a discontinuance if availed of, such objection is waived by subsequently taking part in the proceeding as if it was still regularly pending.

3. *Bills and Notes; Revenue Stamp; Failure to Affix.*—A promissory note not stamped as required by the act of Congress, is admissible in evidence in the absence of proof of intent to defraud the government.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Assumpsit by Sarah F. Hunking, executrix, against Oscar Fulgham. From an order entering a non suit, plaintiff appeals, and from an order granting plaintiff a new trial, defendant appeals. On plaintiff's appeal a dismissal is entered, and the order granting a new trial is affirmed on defendant's appeal.

FRANK S. WHITE & SONS, for appellant.   Under section 11 of the Act of 1888-9, p. 801, the motion was continued beyond the time allowed for filing, and the

[Fulgham v. Hunking.]

court erred in acting on it as it was beyond its power.—
*Ex parte H. A. & B. R. R. Co.*, 105 Ala. 221; *Ex parte
James*, 125 Ala. 119; *Ex parte Payne*, 130 Ala. 192. The
court erred in setting aside the non suit and granting a
new trial.—*Champion v. C. of G.*, 165 Ala. 554; 3 Fed.
St. Ann. 772; Id. 770; *Youngblood v. B. T. & S. Co.*, 95
Ala. 521; *W. U. T. Co. v. Waters*, 139 Ala. 652; *Armour
P. Co. v. Vinegar B. L. Co.*, 149 Ala. 209. The promis-
sory note was not admissible as it was not stamped.—
*Muscatine v. Sterneman*, 6 Am. Rep. 685; *Chartiers v.
McNamara*, 13 Am. Rep. 673; *Waterbury v. McMillan*,
47 Miss. 635.

STERLING A. WOOD, and CLEMENT R. WOOD, for appel-
lant. The action of the court in granting a new trial was
authorized as the court had committed error in excluding
the note. No intention was offered to be shown of any
effort to defraud the government, and in the absence
of such evidence, the fact that the note was not stamped
did not render it inadmissible.—*Hooper v. Whittaker*,
130 Ala. 324; *Sunflower L. Co. v. Turner Sup. So.*, 158
Ala. 191. Judgments granting new trial will not be
revised unless the evidence plainly supports the verdict
and judgment.—*Cobb v. Malone*, 92 Ala. 630. On the
question of the admissibility of the note, and the effect
of the failure to stamp it, counsel cite.—57 Ala. 509;
40 Ala. 470; 46 Cal. 35; 7 Fed. 881; 7 Cent. Dig. 336.
Where the ruling of the court rendered it imperative to
take a non-suit, the non-suit was properly taken with bill
of exceptions.—*Malone v. Lecroix*, 144 Ala. 648; *Long v.
Holly*, 157 Ala. The appellant waived any right he
might have by participating in the consideration of the
motion.—*McCarver v. Herzberg*, 135 Ala. 542; *Ala. S.
& W. Co. v. Sells*, 168 Ala. 549.

WALKER, P. J.—This was an action on a promissory note alleged to have been executed on the 21st day of November, 1900. On the trial the court sustained the defendant's objection to the introduction in evidence of the note sued on, because it was not stamped as required by the act of Congress of 1898, "to provide ways and means to meet war expenditures and for other purposes." The plaintiff excepted to this ruling, and in consequence thereof took a nonsuit, with leave to file a bill of exceptions. Thereafter, on plaintiff's motion for a new trial, the court set aside the nonsuit and granted a new trial. From this order or judgment the defendant appeals. Subsequently the plaintiff prosecuted an appeal to review the ruling which superinduced the nonsuit. The two appeals were submitted together.

The nonsuit was entered on February 8, 1911. The plaintiff's motion for a new trial was entered on March 1, 1911. On March 4, 1911, the court made an order continuing the motion to March 11, 1911. On March 18th another order was made continuing the motion to April 1, 1911. On that day the motion was argued, submitted, and taken under advisement and on April 14th the order granting a new trial was entered. As the motion for a new trial was made within 30 days from the date of the rendition of the judgment, and was within that period by the court continued to a later day, it remained subject to be acted on by the court after the expiration of 30 days from the date of the judgment, and was not put beyond its power by the provision of section 11 of the act regulating practice in the circuit court of Jefferson county (Acts of Ala. 1888 —89, p. 801), "that final judgments rendered in said court shall, after expiration of thirty days from their rendition, be taken and deemed as completely beyond the control of the court as if the term of said court at

which said judgments are rendered had ended at the end of said thirty days."—*Ex parte Payne,* 130 Ala. 189; 29 South. 622.

But it is suggested in behalf of the defendant that, as a result of the failure to continue the motion on March 11th, there had already been a discontinuance of it when the court undertook to make the order of continuance on March 18th, and that it was no longer alive when the court took the submission on April 1st. Conceding that the failure to have the motion continued on March 11th might have been availed of by the defendant to support a claim that it had been discontinued, yet he could waive this objection by subsequently taking part in the proceeding as if it still was regularly pending. The record does not show that he in any way in the trial court raised the question of discontinuance vel non. Its recitals are not inconsistent with his subsequent recognition of the motion as still pending. There is no suggestion that he objected to the continuance entered on March 18th. The recital as to what occurred on April 1st, that "said motion is argued, submitted, and taken under advisement over the objections and exceptions of the defendant," might be true, though the defendant was making no claim that there had been a discontinuance, and recognized the motion as still alive. We think it may fairly be inferred from the record, which certainly does not show the contrary, that the defendant, by recognizing the motion as still pending, and by contesting it without suggesting that the court was without right to consider it, waived any claim that he might have made that there had been a discontinuance of it.—*McCarver v. Doe ex dem. Herzberg,* 135 Ala. 542, 33 South. 486; *Reeves v. State,* 96 Ala. 33, 11 South. 296.

On the trial the court sustained the objection to the introduction in evidence of the note, though there was no evidence that the failure to put the required revenue stamp upon it was with intent to evade the provisions of the act of Congress on the subject, and though the plaintiff offered to show by testimony that there was no such intent or design. The ruling made in the case of *Hooper v. Whitaker,* 130 Ala. 324, 30 South. 355, justified the court, on the hearing of the motion for a new trial, in concluding that its action in sustaining the objection to the note as evidence could not be sustained, and that a new trial should be granted because of the improper exclusion of evidence. In the case referred to the court, following previous rulings on a similar question arising under former internal revenue statutes, decided that a note which was not duly stamped when it was issued was properly admitted in evidence, in the absence of proof of an intent to defraud the government by failing to affix the requisite value of stamps. We take it that this conclusion of the court was influenced by the consideration that the statute (section 13; 3 Fed. Stat. Ann. p. 772) declares an instrument not stamped according to law invalid and of no effect only when the failure to stamp it is "with intent to evade the provisions of this act." Upon whatever ground that ruling was based, it was the duty of the trial court, and is the duty of this court, to follow it, unless it is at variance with subsequent authoritative rulings on the subject. We do not find that there has been any departure from that ruling. Plainly the decisions in the later cases of *Western Union Telegraph Co. v. Young,* 138 Ala. 240, 36 South. 374, and *Western Union Telegraph Co. v. Waters,* 139 Ala. 652, 36 South. 773, are not inconsistent with it. Those decisions were to the effect that a telegraph company could not be held liable for a

failure to transmit an unstamped message, the transmission of which was expressly prohibited by a valid provision of an act of Congress. In granting the motion for a new trial, the court but recognized that a ruling which it had made in the trial could not be sustained. It cannot be said that it was in error in this conclusion. It follows that its action in this regard must be affirmed.

The judgment presented for review by the plaintiff's appeal was set aside at her instance by the granting of her motion for a new trial. As the defendant's appeal has not availed to procure the reversal of the order granting a new trial, there remains nothing for the plaintiff to complain of on her appeal, and that appeal is dismissed.