## Ex Parte MORRIS & BLAIR.

[APPLICATION FOR MANDAMUS.]

1. *Record; what power courts have over, after final adjournment.*—After the final adjournment of a court it ceases to have any power over its records, other than that incident to all courts of general jurisdiction, of correcting clerical errors, where the record affords matter upon which to base such correction.

2. *Judgment; when error to vacate, at a subsequent term.*—It is error for a circuit court, at a subsequent term, on motion of defendant, to vacate a judgment in favor of the plaintiff, and to declare the same null and void, upon the alleged ground that the court had no jurisdiction to render such judgment.

3. *Mandamus; when will not be issued.*—Such judgment is a final judgment, upon which an appeal will lie to this court, and a *mandamus*, or rule *nisi* will not be issued requiring the circuit court to set aside and vacate the order and judgment declaring said judgment null and void.

This is an application by Morris & Blair for a rule *nisi*, or an alternative *mandamus*, to the circuit court of Bullock county, to require said court to set aside and vacate an order and judgment of said court, made at the fall term of said court, to-wit, on the 4th day of December, 1869, setting aside and declaring null and void a certain judgment, recovered by said applicants at the spring term of said court, in the year 1868, for the sum of three hundred and sixty-one 92-100 dollars, against one Lewis Christian.

The order and judgment sought to be avoided by this application, is set out in the bill of exceptions as follows:

24

"Morris & Blair ⎱    Motion having been made by the
       vs.     ⎰ defendant to declare null and void,
Lewis Christian. ⎰ and to set aside the judgment rendered
in this case, at the spring term, 1868, for three hundred
and sixty-one 92–100 dollars, on the grounds that the
court had no jurisdiction, and that the venue of said cause
was never legally changed from Barbour to Bullock
county, and the parties being represented by their counsel,
and the defendant submitting to the court the allegations
of his motion ; it is considered by the court that said
motion be granted, and said judgment be set aside and
declared null and void, and that the defendant recover of
the plaintiffs the costs of this proceeding, for which let
execution issue."

The plaintiffs in that judgment, the applicants in this
behalf, excepted to the ruling of said court, setting aside
their said judgment, and in declaring the same null and
void, and taxing them with the costs.

SEALS, WOOD & ROQUEMORE, *pro* motion.
J. N. ARRINGTON, *contra*.

PECK, C. J.—The order and judgment of said court,
setting aside, &c., the applicants' judgment, rendered at the
spring term of said court, 1868, for the reasons stated in
the said order and judgment, is undoubtedly erroneous.
After the rendition of said judgment and the final adjourn-
ment of the court, the power of said court over said
judgment, except to correct clerical errors, &c., ceased to
exist.—*Van Dyke v. The State*, 22 Ala. 57. But all this
being admitted, can the error of the said court be cor-
rected on such an application as this ? We think not.
The order and judgment of the court setting aside the
applicant's judgment, and declaring it null and void, and
taxing them with the costs, is a final judgment, and an
appeal, and not a *mandamus*, is the proper remedy to cor-
rect the error or errors in said order and judgment.

At the last term, in the case of *Broyles v. Maddox*, we
indicated the proper practice in such cases. In this case,
if the circuit court had set aside the applicant's judgment,

and in the same order had granted a new trial, then, the remedy before final judgment, would have been by a *mandamus ;* in such case, there would have been no final judgment; the new trial would have left the original cause still pending and undetermined in that court.

We presume, on a new application to the circuit court, what is here indicated will induce the said circuit court to set aside and vacate the said order, declaring the said judgment null and void, and order an execution to be issued on the applicants' said judgment against the said Lewis Christian.

The application for a *mandamus* is denied, at the applicants' costs.