## PETTY *vs.* BRITT'S LEGATEES.

[APPEAL FROM ORDER OF PROBATE COURT, ANNULLING AND DECLARING VOID THE FINAL SETTLEMENT OF AN ADMINISTRATOR.]

1. *Decree of final settlement; when may be annulled.*—The court of probate may set aside a judgment or decree made therein on the final settlement of an administration, where it appears from the record that the court acted without jurisdiction of the parties or the subject matter.

2. *Probate court, final settlement in; what necessary when minors are interested.*—The court of probate can not proceed in the final settlement of an administration where the record shows that there are minor distributees without appointing a guardian *ad litem* to represent the minors and his acceptance of such appointment, if there is no general guardian.

3. *Probate court; decree of, what void.*—A decree of the court of probate on the final settlement of an estate by an administrator, when there are minors, who are unrepresented by a guardian or guardian *ad litem,* will be set aside as void on motion of the distributees.

APPEAL from the Probate Court of Barbour.
Tried before Hon. H. C. RUSSELL.

This was a petition by Enoch Mills, the administrator *de bonis non,* with the will annexed of Matthew Britt, deceased, in which Virginia Mills, wife of said Enoch Mills, by him as her next friend, and Matthew, Sarah, Moses, and John Britt, legatees, &c., joined, alleging that the final settlement of said estate, by Benjamin F. Petty, administrator of said estate, made on 3d December, 1866, is null and void, and not binding on them, and praying that said Petty be required to make a final settlement of his accounts, &c., and for such other and further relief as to the court might seem proper."

The petition alleges that several of petitioners were minors at the time of making said final settlement, and that although the record of the settlement shows that one Macon was appointed guardian *ad litem* of the minor heirs, that no acceptance of said appointment is any where apparent in said record ; and there was no list of legatees to be found attached to said final settlement, showing which of the legatees of said estate were minors.

On the hearing the petitioners proved they were the legatees, &c., and offered in evidence the orders of the probate court, showing the appointment, &c., of said Petty, and the record of the final settlement, from which it appears that the allegations of the petition were true.  As to the allegation that certain of the petitioners were minors, the record was wholly silent, except where it referred to the appointment of the guardian *ad litem*.  The order of final settlement, so far as it refers to the guardian *ad litem*, is as follows : "And it also appearing that Junius M. Macon has heretofore been duly appointed guardian *ad litem* of the minor heirs of said estate, and no exceptions having been made, &c.," it is ordered that the account be allowed as stated, &c.

It did not appear from these records that notice of said settlement had been given for three successive weeks, as required by law, but only for three weeks, without specifying that they were successive weeks.

The contestant offered to prove that at the time of the final settlement the only property belonging to the estate was a residence and plantation then occupied by the petitioners ; that the administrator *de bonis non* was the husband of Virginia, one of the petitioners and their business agent, and that he occupied the plantation with them and managed it ; that Mills desired to have the administration of the estate, and that the final settlement made by him was the result of a compromise and agreement between Mills and contestant, whereby the latter resigned, and the former was appointed ; that of this agreement and settlement the petitioners had notice, and this was the rea-

son why the names of the legatees were not specifically set out, &c.

On the objection of the petitioner, this evidence was rejected by the court and the contestant excepted. It was admitted that at the date of the final settlement three of the legatees were minors; that three of them were minors when this petition was filed, and one of them was still a minor.

The bill of exceptions states that at this stage of the hearing of the petition it was discovered that the appointment of Mills, as administrator, was premature, it having been made before contestant resigned, and the petition was amended by striking out the words "Enoch Mills, as administrator *de bonis non* with the will annexed of Matthew Britt, deceased," and the petition then stood in the name of Virginia Mills, wife of Enoch Mills, by him as her next friend, Matthew, Sarah, Moses, and John Britt, legatees. The contestant demurred to the amended petition on the following grounds: That the one petitioner, who was a minor, was not represented by next friend, and, secondly, that no personal representative of the estate was made party to the proceeding.

The court overruled the demurrer, annulled and set aside said final settlement, and taxed the contestant with the costs; and he appealed to this court, and here assigns as error—

1. The refusal to receive the evidence offered by contestant.

2. Overruling the demurrer.

3. The decree rendered.

WILLIAMS & BROTHER, and JOHN A. FOSTER, *contra.*—The evidence offered by appellant should have been admitted. It showed that some of the petitioners knew of and virtually consented to the final settlement. This would bind those who were of age. The demurrer to the petition should have been sustained. The petition does not seek merely to have a void decree set aside, but to have another final settlement made. These peti-

tioners could not be parties to a decree on settlement by the administrator, except on the final winding up of the estate. This estate was not to be finally disposed of by appellant, but merely to pass into the hands of his successor. Nor could a decree be rendered in favor of any other than such successor.—Rev. Code, §§ 2233, 2237, 2166, 2167. "Under the Code, it is not only the privilege of the administrator-in-chief to pay over to his successor the assets and effects of the estate in his hands, not fully administered, but it is his duty ; and, if he fail to do so, it is both the privilege and the duty of the latter to compel him." *Whitsworth's Distributees v. Oliver et al.* 39 Ala. 286.

One of the petitioners was a minor, but was not represented by next friend. This was error too manifest to need or require argument to show it.—*Cook v. Adams,* 27th Ala. p. 291.

The decree rendered by the court below recites that the prayer of the petitioners is granted, and that the decree rendered on appellant's final settlement is set aside, but goes no further. The petitioners prayed for more than the decree contains, and for that which could be done in favor of a succeeding representative of the estate alone. *Whitsworth's Distributee v. Oliver et al.* 39 Ala. p. 286.

STONE, CLOPTON & CLANTON, with whom is D. M. SEALS, *contra.*—1. This was, in effect, a motion to declare what purports to be a final settlement, void, and to set it aside and to compel the administration to make a final settlement. Although it was commenced by petition, no petition was necessary.—*Ketchum and Wife v. Dennis,* 41 Ala. 185. A motion is the proper remedy to declare a decree void.

Hence, overruling the demurrer to the petition, if it be error, was error without injury ; for, if the demurrer had been sustained, the parties being present and before the court, the motion ought still to have been heard. The parties applying could have obtained the same relief, and the parties defending have shown the same defenses without the petition as with it.

But even if a petition were necessary, there was no error

in overruling the demurrer. The demurrer was to the entire petition ; and there were parties who were not minors. It is not a case in which all the parties must recover, or none can ; and the first cause of demurrer is to the effect that the entire petition should be dismissed, and not that it should be dismissed merely as to those who were minors.

The second cause of demurrer is, also, untenable. Prior to the act of 1846, the distributees alone could maintain an action against an administrator-in-chief after his removal from office. His successor could not.—*Hanna v. Price*, 23 Ala. 826 ; *Hayes v. Cockrell*, 41 Ala. 79 ; *Gould v. Hayes*, 19 Ala. 438. Now, under the statutes, his successor can maintain an action against him. When the resigned administrator makes a final settlement, then the decree must be rendered in favor of the succeeding administrator, or in favor of the distributees as on a final settle-, ment, if the estate can be finally settled.—Rev. Code § 2237. But a succeeding administrator is not a necessary party to a petition or a motion of this kind in this case, and may or may not be a party upon a final settlement, as the condition of the estate may require. Certainly, he is not a necessary party before then.

2. The testimony offered should have been excluded, as it did not bind or estop the minors, and did not tend to show that the settlement was valid, or to throw any light upon the matter in issue.

3. The final settlement was void ; there was no acceptance by the guardian *ad litem* apparent on the record, and no appearance by him, or denial of the correctness of the account, and should have been annulled by the court. *Laird, adm'r, v. Reese*, 43 Ala.; *Searcey v. Holmes, adm'r*, 43 Ala.

PETERS, J.—A judgment, without notice to the parties interested in the subject of litigation, is not conclusive as to them, but it is void.—Minor R. 14, 23. In the final settlement of the administration of an estate, the minors are brought into court by a guardian *ad litem*, if they have no regular guardian. Here the guardian did not accept his

appointment, and did not appear for the minors. They were, therefore, not in court at the settlement. Such settlement has heretofore been denounced as void.—*Laird, adm'r, v. Reese*, 43 Ala. 143; *Searcey v. Holmes et al., adm'rs*, 43 Ala. 608.

The overruling the demurrer to the petition, for the causes shown in the record, was not error. In such a case, the petition could not be regarded as more than a notice to bring the administrator into court to hear the motion, and the motion must be founded upon the facts shown in the record. If these were sufficient, the court could entertain the application for relief.—*Johnson v. Johnson, adm'r*, 40 Ala. 247, and cases there cited. There was, then, no error in rejecting the evidence of facts not apparent upon the record. The record must show that the court had jurisdiction, both of the subject-matter and the parties in such a case, else its judgment is void.

The judgment of the court below is therefore affirmed, with costs.