# McKay *v.* Broad *et al.*

*Bill in Equity by Administator and Heirs of Deceased Purchaser, for Specific Performance, Injunction of Waste, &c.*

1. *Parties to bill ; when administrator and heirs may join.*—When the purchase-money is unpaid, or when the fact of payment is controverted, the administrator of the deceased purchaser may be a proper party to a bill which seeks to compel a specific performance of the contract by the vendor; but, when the purchase-money has been paid in full, and the bill affirmatively shows that there can be no necessity for the exercise by the administrator of his statutory powers over the real estate, he can not join with the heir in a bill to compel a conveyance of the legal title.

2. *Same.*—Nor is the administrator a proper party to the bill, because it also seeks to stay the commission of waste on the lands, and to recover damages for trespasses irremediable at law; since, if damages should be recovered, he and the heir would have no common right in or to them.

3. *Amendment by change of parties.*—When a bill is improperly filed in the name of an administrator as sole plaintiff, and the heirs are brought in by amendment, the name of the administrator can not be struck out by a second amendment, since this would work an entire change of parties.

APPEAL from the Chancery Court of Madison.
Heard before the Hon. H. C. SPEAKE.

WALKER & SHELBY, for appellants.

HUMES & GORDON, *contra*, cited *Parkman v. Aicardi & Toole*, 34 Ala. 393.

BRICKELL, C. J.—The original bill was filed by Broad, as administrator of Simeon Lemley, deceased, to enforce specific performance of a contract for the purchase of lands, into which the intestate had entered with one Studdart, and of which there had been by the intestate full performance during his life; and to restrain the appellants, John T. and Daniel R. McKay, from trespassing and committing waste upon the lands. On a motion to dismiss the bill for want of equity, the chancellor required that it should be amended, by joining the heirs of the intestate as complainants; and an amendment was thereupon made, joining as complainants all the heirs, except one, who claimed adversely to the intestate. To the bill as amended, a demurrer was interposed, because of a misjoinder of complainants, and because the bill did not show any cause of action for which the personal representative was entitled to sue. The overruling of

this demurrer is the assignment of error to which the argument of counsel is mainly addressed, and is the only question we deem it necessary to consider.

The contract for the purchase of the lands was made by the intestate, thirteen years prior to his death; and he was immediately let into possession, which he retained undisturbed. The obligation of the vendor was to make title on the payment of the purchase-money, which was fully paid by the intestate during his life. If the contract had not been fully performed by the intestate in his life-time—if any part of the purchase-money had been unpaid—it may be that the administrator of the intestate would have been a proper party to a bill to enforce specific performance of the contract. The unpaid purchase-money being a debt chargeable on the personal assets, he would have had an interest in disputing the contract; or, if it was not disputed, in controverting the fact that the purchase-money was unpaid. The heir would also have been a necessary party, for to him title would have to be made.—Fry on Specific Perf. § 118. But, the purchase-money having been fully paid, the contract fully performed by the intestate, the vendor retaining the naked legal title as a mere trustee for the heir, the personal representative would not be a necessary, or a proper party, to a bill to compel the vendor to a specific performance of the contract,—to a conveyance of the title to the heir, which, of itself, would be full performance. It is only persons who have a right or interest, legal or equitable, in the subject-matter of controversy which may be affected by the decree, who can be made parties to a suit in equity. Persons as to whom no decree can be rendered on a hearing, ought not be made parties.

In a court of equity, money agreed to be laid out in land, is considered as land; and land agreed to be converted into money, is regarded as money. When there is an executory contract for the sale of lands, the title to be conveyed on the payment of the purchase-money, the vendor, in the contemplation of a court of equity, is a trustee of the title for the vendee, and the vendee is a trustee of the purchase-money for the vendor. To the heirs, on the death of the vendee, the lands descend, charged with the trust to which they were subject in the life of the ancestor. By the common law, an executor, or administrator, represented the personal estate only. He was without authority over, or right to the lands of the testator, or intestate, or to enter into possession of them. Of consequence, for injuries to the lands, or for rents and profits accruing, subsequent to the death of the testator or intestate, the devisee, or the heir, only could sue.—*State ex rel. Nabors*, 7 Ala. 459; *Jordan v. Abercrombie*, 15 Ala. 580; *Ex parte Swann*, 23 Ala. 192.

The statutes have modified the rule of the common law, and enlarged the authority and duty of the personal representative. The modification grows out of the policy of subjecting lands to the payment of debts. The personal representative has authority to rent the lands, and the exercise of the authority is a duty, when the rents may be necessary for the payment of debts, or when a probable necessity may exist for the sale of them to equalize distribution to the heirs. For the payment of debts, or for the purpose of equal distribution, he may obtain orders to sell the lands. Clothed with this statutory authority over the lands, it is settled, that he may maintain ejectment for the recovery of possession.—1 Brick. Dig. 625, § 6. The theory, upon which the action is supported, is not that title resides in him; for the rule of the common law is unchanged, that *eo instanti* the death of the ancestor, if not devised, the title to the lands descends to the heirs, or, if devised, passes to the devisee; but that possession is necessary to the full and complete exercise of the statutory authority.

If it were shown that a necessity existed for the exercise of the statutory authority, or, confining our expressions to the case before us, if it were not shown affirmatively that such necessity did not exist, it may be admitted the personal representative could, in equity, maintain a bill for the specific performance of a contract by the testator or intestate for the purchase of lands, the contract having been fully performed on his part in the life of testator or intestate. So, he could maintain a bill to stay waste, or to prevent trespasses irremediable at law. But, in the present case, the bill negatives the existence of a necessity for the exercise of the statutory authority; and upon its averments, it would be inequitable that the personal representative should intervene, intercepting or disturbing the possession and estate of the heirs. More than ten years elapsed after the death of the intestate, before there was a grant of administration; during which time, the possession of the heirs was undisturbed, save by the intrusions and trespasses of recent occurrence, which the bill seeks to prevent and enjoin. There is a general averment in the bill, that there are unpaid debts against the intestate, followed by a specification of the nature and character of them. From this specification it clearly appears, that the debts are not charges on the land, which as administrator it would be his duty, or he would have authority to pay, if he had possession. The first class of claims averred consist of taxes assessed and levied since the death of the intestate, while the heirs had possession. These, it would not be in the line of the duty and authority of the personal representative to pay. The second consists of simple-contract debts, averred to be due from the intestate to the administrator individually, barred by the statute

of limitations long prior to his appointment, and, of course, incapable of enforcement against the lands. All necessity for the exercise of statutory authority over the lands being negatived by the averments of the bill, there is no reason for a suit by the personal representative for either of the causes of action averred. The heirs alone had the right of action, and it was for them to assert it or not at discretion. The case bears no resemblance to that of *Parkman v. Aicardi*, 34 Ala. 393, in which the administrator of an insolvent estate maintained a bill to prevent a sub-lessee from using the premises for purposes not contemplated when the lease was made.

The amendment joining the heirs as parties complainant, so far from reaching and curing the objection, would, in any event, have rendered the bill subject to the further objection, that there was an improper joinder of parties as complainants, who have not any common right or interest, but separate, distinct, independent rights and interests. As was said in *Tarver v. Smith*, 38 Ala. 137: "It needs no argument to show, that the rights of the executor, as such, in the lands of his testator, are entirely unlike those of the devisees of the fee. The devisees have the absolute property in the estate, subject to be defeated, in a limited class of cases, by the assertion of certain specified powers with which the legislature has clothed the executor. The respective rights of the parties cover no ground in common; the rights of the one yielding to the extent that the other can be asserted." The inconsistency and incongruity of the joinder of the personal representative and heirs is apparent, when the effect of a decree for the complainants, in either aspect of the case, is considered. A decree for the specific performance of the contract of purchase would, as does the decree rendered by the chancellor, direct a conveyance of the title to the heirs.

The statutes extend the authority of the personal representative only to lands remaining in the same condition as to title as the title was at the death of the testator or intestate. If, by matter subsequent, the title is changed, and becomes vested in the heirs, or devisees, the lands may be subjected to the payment of debts, if there is a deficiency of personal assets; but not by the personal representative, through the medium of the Court of Probate. That court can direct the title only as it descended, or may have been devised, and not a title which stands in the name of, and is vested in the heir or devisee. This point was so ruled in *McCain v. McCain*, 12 Ala. 510. The intestate, having in his life made a contract for the purchase of lands, taking the bond of the vendor for title on the payment of the purchase-money, died, not having made payment; the personal representative paid the purchase-money,

[Henderson's Adm'r v. Tucker.]

and, under the statute, the Orphans' Court ordered the vendor to make title to the heirs; the title was accordingly made, and it was held that for no purpose could the personal representative subsequently obtain an order to sell the lands.—*Pettit v. Pettit*, 32 Ala. 227; *Burns v. Hamilton*, 33 Ala. 210.

The administrator, capable of maintaining the suit only that he may exercise the statutory authority, is joined as a complainant, when the decree sought would render the exercise of the authority impossible. A decree enjoining the trespasses and waste, if followed by a decree for damages, must award the damages to the administrator, or to the heirs. The damages can not be awarded to them jointly, for they have no joint claim to them. If awarded to the administrator, the heir is deprived of them, except as they could subsequently pass to him in the course of administration. If awarded to the heir, the personal representative loses all right to them.

The particular cause of demurrer we have considered, was well taken, and ought to have been sustained. An amendment can not cure the defect. The original bill having been filed by the administrator, as the sole complainant, an amendment, striking him out as a party, would work an entire change of parties, which is not allowable.

The decree of the chancellor is reversed, and a decree is here rendered, dissolving the injunction, and dismissing the bill, at the costs of the appellees in this court, and in the court below, but without prejudice to such other suit as the heirs may be advised to institute.