# Baker *v.* Barclift.

*Statutory Action in nature of Ejectment, by Administrator of Insolvent Estate, against Purchaser from Widow.*

1. *Amending or annulling judgment at subsequent term.*—When a judgment is void for want of jurisdiction, it may be vacated and set aside, on a proper application, at any subsequent term; but, when it is not void, the court has no power to alter, vary or annul it, after the expiration of the term at which it was rendered, except for the correction of clerical errors or omissions, or to amend *nunc pro tunc* on the record.

2. *Same; conclusiveness of order vacating former order.*—On application by the administrator *de bonis non* of an insolvent estate, to set aside an order of the Probate Court made at a former term, allotting a homestead to the widow and minor child; the petition being filed by a proper party, and the court having jurisdiction both of the parties and the subject-matter; its judgment setting aside the order as prayed can not be collaterally impeached, on the ground that the order set aside was only irregular, but is conclusive until set aside by some appropriate direct proceeding.

3. *Statute of limitations; begins to run when.*—As a general rule, the statute of limitations does not begin to run, until there is some one entitled to sue, and some one liable to be sued; but, when it has once begun to run, an intervening disability does not suspend its operation.

4. *Estoppel against administrator; suspension of statute of limitations as against estate.*—If an administrator rents from his intestate's widow lands which have been improperly allotted to her as a homestead, he is thereby estopped, while in possession as her tenant, from disputing her title, or asserting the rights of an administrator to the lands; but his possession is not adverse to the estate, and the statute of limitations, as against the estate, is suspended during his possession and continuance in the office of administrator.

5. *Error without injury in rulings on evidence.*—When, on the admitted or undisputed facts of the case, the court might have given a general charge in favor of the plaintiff, erroneous rulings on evidence are no cause for a reversal at the instance of the defendant, since they could not have prejudiced him.

APPEAL from the Circuit Court of Blount.

Tried before the Hon. LEROY F. BOX.

This action was brought by John M. Doyle, as the administrator *de bonis non* of the insolvent estate of Alexander Baker, deceased (and revived in the name of Henry H. Barclift, his successor in the administration), against William D. Baker, to recover the possession of a tract of land particularly described in the complaint; and was commenced on the 15th April, 1880. The defendant pleaded not guilty, the statute of limitations of ten years, and suggested the erection of valuable improvements under adverse possession for three years; and issue was joined on these several pleas.

[Baker v. Barclift.]

On the trial, as appears from the bill of exceptions, it was shown that said Alexander Baker, plaintiff's intestate, died in November, 1865, being seized and possessed of the lands in controversy; that letters of administration on his estate were duly granted, on December 23d, 1865, to R. L. Ingram, who continued to discharge the duties of the office until January 25, 1869, when he resigned, and was succeeded by W. D. Baker, the defendant in this suit; "who continued until about the 8th December, 1873, when his term expired, and he was succeeded by H. A. Gillespie; who continued until the 8th February, 1875, when he was succeeded by Geo. D. Shelton; who continued until December 10th, 1877, and was succeeded by John M. Doyle."  The defendant claimed the lands under a conveyance from Mrs. Rebecca Baker, his mother, who was the widow of said Alex. Baker, which deed was dated March 15th, 1879; and to show title in her, he relied on an allotment of the premises to her, as a homestead, by certain proceedings had in the Probate Court.  These proceedings consisted of— 1st, an allotment made by three persons "on the application of R. L. Ingram, administrator of said estate," which purported to have been made by them on the 6th May, 1867; 2d, a report by said Ingram as administrator, "returning allotment of homestead to Rebecca Baker, widow of said deceased, and his minor heirs;" and, 3d, an order of the court, "that said report be confirmed, and recorded and filed."  The plaintiff insisted that this allotment and order had been vacated and set aside by said Probate Court, on the 11th May, 1874, on the application of said H. A. Gillespie, who was then the administrator of the estate; and he offered in evidence the petition of said administrator, asking that the allotment and order be set aside, on certain grounds therein specified, and the order of the court vacating and setting them aside.  This order, after reciting the filing of the petition by the administrator, and due notice to the parties interested, proceeded thus:   "And it appearing to the satisfaction of the court that R. W. Dial" and two other persons, "who allotted and set off said homestead to said Rebecca Baker and Alex. Baker, Jr., were not appointed appraisers by the Probate Court of said county, as required by law; that said appraisers were not sworn, as required by law, before making said appraisement; that it does not appear that said lands, so allotted by said appraisers, included the homestead, or such portion thereof as could be selected without injury to the remaining portion of the estate, nor that the same could not be done as required by law, and that the order of said Probate Court confirming the same did not show that said estate was insolvent, and that it was necessary to sell the lands of said estate for the payment of debts.   It is therefore ordered,"

&c., that said former order be vacated and set aside.   The defendant objected to the admission of this vacating order as evidence, on the ground that the order vacated was only irregular, and not void, and therefore the court had no power to set it aside at a subsequent term ; and he reserved several exceptions to the rulings of the court in connection with this evidence.

The defendant, testifying as a witness for himself, stated that Mrs. Rebecca Baker received the possession of said lands, from said Ingram as administrator, under said allotment as a homestead, in March, 1867, and continued in possession, by herself and tenants, "openly, continuously, and adversely to every one," from that time until March 15th, 1879, when she sold and conveyed to him ; that he was her agent, and transacted generally all her business, from 1867 until she died.   "It was in evidence, also, that no one actually resided on the land in suit while defendant was acting as administrator, Mrs. Baker having moved off in 1868, up to higher ground where her health would not be endangered ; but, during this period, the lands were cultivated, in whole or in part, by the defendant as her tenant." The plaintiff insisted that Mrs. Rebecca Baker's possession of the land, after the allotment as a homestead was set aside, was as dowress, under an allotment made by said Probate Court ; and he offered in evidence her petition asking an assignment of dower, and the orders of the court made under it.   The petition was signed by Mrs. Baker, by the defendant as her agent ; and the defendant testified that, in making the application, and in signing her name to the petition, he acted without any authority from her, and without her knowledge, and that she never ratified his acts in the premises.   Several exceptions were reserved by the defendants in connection with this evidence, which it is unnecessary to state at length.

The court charged the jury, among other things, "that if they believed, from the evidence, that the defendant was and acted as the administrator of said Alex. Baker's estate from the 25th January, 1869, to the 8th December, 1873, and, during this period, while he was so acting as administrator, he was in the actual possession of said lands, whether under or for Mrs. Rebecca Baker or not, such possession by him was not, and could not be, adverse as against plaintiff ; and that the statute of limitations of ten years did not run, on account of such possession, until defendant ceased to act as such administrator." The defendant excepted to this charge, and also to several other charges given by the court at the instance of the plaintiff ; and he now assigns these several charges as error, together with the rulings on the evidence to which he reserved exceptions.

WALKER & WALKER, for appellant.

[Baker v. Barclift.]

C. F. HAMILL, *contra*.

CLOPTON, J.—It is a well settled principle, that a court has no power to alter, vary or annul final judgments, not void, after the expiration of the term at which they were rendered, except for the correction of clerical errors or omissions, or to amend *nunc pro tunc* on the record. It is also well settled, that when a judgment, void for want of jurisdiction, has been rendered, the court has the power, and will, on a proper application, vacate such judgment, at any time subsequent to its rendition.—*Buchanan v. Thomason*, 70 Ala. 401.

On the application of the administrator of the insolvent estate of plaintiff's intestate, the Probate Court made an order, in 1874, vacating and annulling an order made by the same court in 1867, allotting and setting apart a homestead for the widow and minor child of the decedent. It is insisted that the later order is void, for the reason that the previous order is merely irregular, and that the court is without power to vacate it at a subsequent term. The application to vacate the former order was a proper one, and came from a proper party. On this application, the Probate Court acquired jurisdiction to hear and determine the matter,—jurisdiction of the subject-matter, and of the parties. The validity of the former order was a matter directly in issue, and was decided. However erroneous may be the judgment of the court, it is conclusive, until reversed or annulled by some appropriate proceeding, and can not be collaterally impeached.—*Lyon v. Odum*, 31 Ala. 234 ; *Barron v. Tart*, 18 Ala. 668.

As a general rule, the statute of limitations does not begin to run, until there is some one entitled to sue, and some one liable to be sued. The rule rests upon the principle, that "the term 'cause of action' implies not only a right of action, but also that there is some person in existence, who is qualified to institute process."—*Angell on Lim.* §§ 54–62. If, however, the statute has once begun to run, no subsequent disability suspends its operation, unless by statutory provision. Under this rule, it has been held, that where an administrator makes an illegal sale, or bailment of the goods of the intestate, or disposes of them in violation of his trust, the statute will not commence running until the appointment of an administrator *de bonis non*.—*Lawson v. Lay*, 24 Ala. 184 ; *Wyatt v. Rambo*, 39 Ala. 510. The administrator, by his unlawful act, has estopped himself from suing, and until the appointment of an administrator *de bonis non*, there is no one to maintain the suit for their recovery, against whom the statute can operate.

The defendant was appointed, in January, 1869, administrator *de bonis non* of the estate of plaintiff's intestate, and con-

27

[Powe v. McLeod & Co.]

tinued to act as such administrator until December, 1873. If, during this period, he rented the lands in controversy from the widow-of the decedent, and occupied them as such tenant, he, by his voluntary act, and in violation of his trust, placed himself in a position, by which he was estopped from disputing her title. He could not have maintained an action to recover possession of the lands. There was no representative of the estate entitled to sue, against whom the statute of limitations could operate; and during the period of his possession under such circumstances, the statute did not run.

It appears that the defendant claims title to the lands by a conveyance from the widow, made in March, 1879. Although he may have rented the lands from the widow, and under such tenancy went into possession, and occupied them while he was administrator, in a suit against him by a succeeding legal representative of the estate, to recover possession of the lands, he will not be permitted to set up against such representative adverse possession during the time he was such administrator. He can not, as an individual, hold adversely to himself as the legal representative of the estate.

As, on the undisputed facts, the defense is insufficient to overcome the case made by the plaintiff, the court would have been authorized to give the general charge in favor of the plaintiff. When such is the case, we will not inquire whether the court may or may not have erred in the rulings as to the admissibility of evidence, which could not have affected the result. For such errors there can be no reversal.—*Donley v. Camp*, 22 Ala. 659; *McTyer v. McDowell*, 36 Ala. 39; *Leonard v. Storrs*, 31 Ala. 488.

Affirmed.