# *Ex parte* Massie.

### *Petition for Mandamus.*

1. *Decree rendered after death of a material defendant.*—A decree rendered on the same day, but after the death of a material defendant in the cause, is void, and a chancellor commits no error in setting aside the same on motion.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. THOS. H. SMITH.

Jessie H. Massie filed a bill in chancery against Emma P. Cullen and Lawrence J. Cullen, husband and wife, setting up that defendants, in 1891, executed a deed of conveyance to a certain lot, which Emma P. Cullen owned as her separate statutory estate, to their son, C. F. Cullen; that defendants in their deed to C. F. Cullen bounded said lot on New St. Francis street, and by the arrangements to convey dedicated a certain strip of land in front of said lot to street purposes, and warranted said lot to C. F. Cullen with reference to and as fronting on said strip as a continuation of New St. Francis street; that C. F. Cullen was complainant's grantor, and that defendants obstructed this continuation of New St. Francis street. The bill prayed a removal of the obstruction and a perpetual injunction. On October 29, 1901, the chancellor rendered a final decree, granting the relief prayed for in the bill. Two days later, a motion was made to set aside said decree upon the ground that Emma P. Cullen, one of the respondents in the bill, had died before rendition and filing of said decree. It was shown that Emma P. Cullen died about 6 o'clock on the morning of said decree. On this motion, the chancellor set aside the decree, and the present petition, filed in this court, prays for rule *nisi* to be directed to the chancellor to show cause why peremptory *mandamus* should not issue commanding him to vacate the order setting aside the decree.

[*Ex parte* Massie.]

P. J. HAMILTON, for petitioner.—(1.) Submission concludes the parties.—*Davies v. Davies,* 9 Ves. 461; *Campbell v. Meiser,* 4 John. Ch. 334, 341; *Bank v. Weisiger,* 2 Peters 481; *Vroom v. Ditmas,* 5 Paige 528; *Wood v. Keyes,* 6 Paige 472; Dan. Ch. Pr., 1027. (2.) The final decree should be antedated, and if there is any process wanted against Emma P. Cullen there could then be revivor.—*Wood v. Keyes, supra.* (3.) Death of one defendant does not change the duty of the other, and the decree should stand at least against the survivor.—5 Ency. Pl. & Pr., 835; *Garrett v. Lynch,* 44 Ala. 324.

The general rule as to records of equal rank is that fractions of a day are not recognized.—8 Ency. Law *et seq.; Wright v. Mills,* 4 H. & N. 488.

The decree of October 27th related back to the first hour of that day, and thus took effect before the death of Mrs. Cullen.

C. J. TORREY, *contra.*—(1.) Mrs. Emma Cullen was the only material defendant, and petition should be quashed. (2.) In judicial proceedings, fractions of a day are regarded.—*Powe v. McLeod & Co.,* 76 Ala. 418; *German Bank v. Campbell,* 99 Ala. 249, and cases cited therein; 92 Ala. 120, 102. (3.) Decree rendered in lower court was erroneous, and should not be reinstated.—*Van Sant v. Weir,* 109 Ala. 104; 13 Ency. Pl. & Pr. 536; *State v. Fremont,* 22 Neb. 313; *Taylor v. Cobb,* 100 Ala. 603.

DOWDELL, J.—The petitioner prays for rule *nisi* to be directed to the chancellor to show cause why a *peremptory mandamus* should not issue commanding him to vacate a certain order made by him on November 1, 1901, in the case of Jessie H. Massie v. L. J. Cullen *et al.* pending in the chancery court of Mobile county, in which a final decree rendered in said cause on October 29, 1901, was set aside. The petition shows that on October 24, 1901, the said cause was argued and regularly submitted for final decree on the pleadings and evidence. On October 29, 1901, the chancellor rendered a final decree, which was on that day regularly filed.

On October 31, two days later, a motion was made to set side said decree upon the ground that Emma P. Cullen, one of the respondents in the bill, had died before the rendition and filing of said decree. It was shown that the said respondent, Emma P. Cullen, died about six o'clock on the morning of the day of said decree.

It is contended by petitioner that the doctrine laid down by this court in *Powe v. McLeod & Co.,* 76 Ala. 418, is wrong in principle and should be overruled, and it is further insisted that there should be no distinction in the rule as applied to judgments of the Supreme Court in such cases and to decrees of the chancery court. We cannot agree to this contention, and we adhere to the doctrine as laid down in *Powe v. McLeod & Co., supra.* It is a general rule that in judicial proceedings, fractions of a day are not regarded, but such proceedings take effect in law from earliest period of the day upon which they originated and came into force, but this general rule is not absolute, and where from the nature of the case justice requires it, fractions of a day are reckoned.—8 Am. & Eng. Ency. Law (2nd ed.), pp. 739-742. The unity of a day and its indivisibility as a period or point of time is a fiction of the law, and is regarded only in promotion of the ends of justice, and never when justice and right will thereby be defeated. This fiction of the law had its origin in the common law, and while the courts of England have generally adhered to it, still in those courts the rule has not been universal in its observance. The courts of this country, however, have been disposed to depart from the rule, and fractions of a day are reckoned where justice requires it. Many cases will be found cited in the notes on this subject in 8 Amer. & Eng. Ency. Law (2nd ed.), on pages 738-9-40-41-42-43, and we content ourselves with reference to these notes without going into any prolonged discussion of the subject. In *Patterson's Appeal,* 96 Pa. St. 93, it was held that where judgment is entered on the same day, but after the death of defendant debtor, the legal fiction of relation of judgments does not apply, and it is not en-

titled to priority of payment out of the proceeds of the sale of real estate over the claims of general creditors. The doctrine asserted in this case is directly in point and applicable to the case at bar. Our conclusion is that the decree in the present case, having been rendered after the death of Emma P. Cullen, who was a material defendant in the cause, was void, and the chancellor committed no error in setting aside the decree on motion. The petition for *mandamus* will be denied.