# Chapman v. Chapman, *et al.*

## *Specific Performance.*

(Decided November 4, 1915.   70 South. 121.)

1. *Deeds; Delivery; Effect.*—Under section 3364, Code 1907, the delivery of a deed to land imports contemporaneous transfer of the possession.

2. *Reformation of Instrument; Laches.*—As against his vendee in possession a vendor cannot assert laches for a failure to seek reformation of the deed which was not in accordance with the contract, although continuing for sixteen years.

3. *Abatement and Revival; Persons Entitled to Revive; Necessary Party.*—Where the original plaintiff died and the action was revived as to one of them by her heir, but there was nothing to indicate that he represented the other, or that he was the only legal heir, a decree for "complainants" was error because of defect of parties.

APPEAL from Autauga Circuit Court.

Heard before Hon. W. W. PEARSON.

Bill by Mary A. Chapman and another against C. W. Chapman, for specific performance of a contract to convey. Decree for complainants, and respondent appeals. Reversed and remanded.

GIBSON & BOOTH, and MAC A. SMITH, for appellant.

EUGENE BALLARD, for appellee.

McCLELLAN, J.—(1) In January, 1897, Mary A. Chapman and Martha L. Hearn exchanged, with their nephew, the appellant, C. W. Chapman, 60 acres of land, owned by them for 40 acres of land owned by the nephew. These ladies were then 71 and 66 years of age, respectively. The deed *to* C. W. Chapman conveyed a fee-simple title to the 60 acres; but the deed *from* C. W. Chapman to his aunts conveyed to them only a life es-

[Chapman v. Chapman, et al.]

tate in the 40 acres. The bill in this cause was filed February 20, 1913, by appellant's aunts, to compel appellant's specific performance of a contract to convey to his aunts the fee-simple title to the 40 acres they agreed to take in exchange for the full title to their 60 acres; he having, as stated before, only conveyed to them a life estate in the 40 acres then owned by him. While the bill is inartfully drawn, it yet expressed the theory we have stated, and hence possessed equity. It appears from its averments that the contract was for a convey· ance by him of the full title, and that the ladies consummated their part of the contract by executing a full conveyance of their land to the appellant. It also appears by necessary implication from the averments of the bill that the deed from appellant to his aunts, the passing a life estate only to the 40 acres, was delivered to them, thereby effecting to import the contemporaneous transfer of the possession of the land from the grantor to them.—Code, § 3364; *Bliss v. Smith,* 1 Ala. 273; *Smith v. Gordon,* 136 Ala. 495, 34 South. 838.

(2) The possession of the land being with them, their asserted laches, their delay of 16 years, though wholly unexplained or unexcused, in filing the bill to enforce performance of the contract as alleged, could not avail the appellant, their grantor.—*Ogletree v. Rainer,* 152 Ala. 467, 472, 44 South. 565; *Harold v. Weaver,* 72 Ala. 373; *L. & N. R. R. Co. v. Philyaw,* 94 Ala. 463, 10 South. 83. It does not appear from the averments of the bill that there was any such change in circumstances as would operate, if specific performance was had, to prejudice the appellant. The bill was therefore not subject to the objection, taken by the demurrer, that laches intervened to affect the right of the complainants to the remedy sought.

(3) Mary A. Chapman and Martha Hearn, original complainants, died before the submission of the cause. It appears from a written agreement of the solicitors filed with the transcript that the cause was revived in the name of F. M. Chapman individually and as the administrator of the estate of Mary A. Chapman, deceased. There is nothing to indicate any revival of the cause so far as Martha Hearn was concerned. The decree awards relief by directing the respondent (appellant) to convey the full estate to the "complainants."

Upon the death of the complainants, or either of them, the revival should have been in the name of all of the heirs at law of the decedents. Except as adversely interested, they were necessary parties complainant.— *McKay v. Broad,* 70 Ala. 377. The administrator of Mary A. Chapman, deceased, does not, on the facts shown in the bill or in the evidence, appear to have been a proper party to the cause upon its revival.—*McKay v. Broad, supra.* The cause could not proceed to valid decree without necessary parties complainant. The original complainants having died pending the cause, even before its submission, the decree rendered in favor of the "complainants" could not find support in the status existing at the time the bill was filed.—*Ex parte Massie,* 131 Ala. 62, 31 South. 483, 56 L. R. A. 671, 90 Am. St. Rep. 20; *Powe v. McLeod,* 76 Ala. 418. There is nothing to indicate that F. M. Chapman was the only heir at law of Mary A. Chapman deceased. Because of the serious imperfections with respect to revivor underlying the decree, it must be reversed, to the end that all necessary parties complainant (except the appellant) may be brought into court.

In the interest of an early determination of this controversy, the evidence on the issue, whether the contract

[Harper v. Martin.]

was for a fee-simple title to the 40 acres, or a convey-
ance by him of a life estate only therein, has been care-
fully examined and considered; and our conclusion on
that issue accords with that prevailing in the court be-
low.

The decree is reversed, and the cause is remanded.
Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., con-
cur.