(107 So. 812)

## McDONALD v. WOMACK. (7 Div. 638.)

(Supreme Court of Alabama. March 25, 1926.)

**1. Judgment ⬬12.**

Judgment in favor of or against dead man is void.

**2. Appeal and error ⬬1184.**

In application of rule that judgment for or against dead man is void to judgments of affirmance in Supreme Court, judgment dates from submission of cause.

**3. Attorney and client ⬬76(2).**

Death of litigant *held* to revoke all agency of attorneys to appear for him and make motion in appellate court to affirm in his name.

**4. Appeal and error ⬬334(1)—Sale under execution on supersedeas bond given on appeal held void, where judgment was affirmed after appellee's death (Code 1923, §§ 6092, 6153, 7847, 7864).**

Sale under execution on supersedeas bond given on appeal to Court of Appeals *held* void, where Court of Appeals affirmed judgment after death of appellee, and without suggestion of his death or revivor, in view of Code 1923, § 6153, for though, under section 6092, judgment of trial court remained intact, judgment on supersedeas bond and subsequent proceedings were void, in absence of claim under section 7847, since section 7864 is not applicable.

**5. Appeal and error ⬬1237—Court's action in setting aside sale under execution on supersedeas bond given on appeal, where judgment was affirmed after death of appellee, will not be disturbed.**

Court's action in setting aside sale under execution on supersedeas bond given on appeal, where judgment was affirmed after death of appellee, will not be disturbed, regardless of grounds that were stressed or acted on as reason therefor, since sale was void, and court had power to vacate it of his own motion, when such fact came to his attention.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Motion of R. J. Womack to set aside a sale of real estate under execution to W. E. McDonald. From an order or judgment sustaining the motion, the purchaser appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

E. O. McCord & Son, of Gadsden, for appellant.

Victor Vance, of Gadsden, for appellee.

Counsel discuss the questions treated, but without citing authorities.

BOULDIN, J. The appeal is from an order or judgment granting a motion to set aside and vacate a sale of real estate under execution.

Much of the record deals with questions going to abuse of process in making the sale

and gross inadequacy of price, resulting probably from a controversy growing out of irregularities in the proceedings. We have reached the conclusion that these questions need not be here determined, because of a more vital question touching validity of the judgment on which the execution was issued.

J. C. King recovered judgment against T. J. Evans in January, 1922, for debt and costs. An appeal was duly taken to the Court of Appeals. R. J. Womack, appellee, was surety on the supersedeas bond. In December, 1922, the plaintiff, appellee in that case, died. In January, 1923, without suggestion of his death to the Court of Appeals, or revivor, it appears the cause was submitted on motion to affirm for want of assignment of errors. The motion was granted and judgment affirmed. No personal representative of appellee's estate had been appointed at that time. In March, 1923, an executrix was appointed, and execution issued in 1925 in her name was levied upon the lands of the surety on the supersedeas bond, resulting in the sale which was set aside.

[1] In Alabama the rule has been settled from early times that a judgment in favor of or against a dead man is void, and not merely voidable. This rule seems to be out of harmony with that prevailing in many states, but has been steadfastly reaffirmed here. Ex parte Massie, 31 So. 483, 131 Ala. 62, 56 L. R. A. 671, 90 Am. St. Rep. 20; Powe v. McLeod, 76 Ala. 418; Chapman v. Chapman, 70 So. 121, 194 Ala. 518; Meyer v. Hearst, 75 Ala. 390; Ex parte Swan, 23 Ala. 192; Moore v. Easley, 18 Ala. 619; Swink v. Snodgrass, 17 Ala. 653, 52 Am. Dec. 190; Stewart v. Nuckols, 15 Ala. 225, 50 Am. Dec. 127; Hood v. Mobile Bank, 9 Ala. 335; 33 C. J. p. 1107, § 62, note 66.

[2] In the application of this rule to judgments of affirmance in this court, the judgment dates from the submission of the cause. Powe v. McLeod, 76 Ala. 418.

[3, 4] Assuming that a like rule obtains in the Court of Appeals, it appears in this record no submission was had during the life of appellee. His death revoked all agency of his attorneys to appear for him and make the motion to affirm in his name. It is true that such disposition of the cause in the Court of Appeals, not thereafter vacated, left the judgment of the court below intact against the defendant. Code, § 6092. But a judgment against the sureties on the supersedeas bond is an original judgment in the appellate court, a statutory judgment apart from the general appellate power of this court. Code, § 6153.

The execution on such judgment is issued by the clerk of the lower court, upon certificate of the judgment of the appellate court. Anniston L. & T. Co. v. Stickney, 31 So. 465, 132 Ala. 587. Formerly execution could not be issued after the death of plaintiff, without a revivor of the judgment in favor of his personal representative. By statute it may now issue in favor of his personal representative without revivor. Code, § 7864. But this statute covers judgments recovered by plaintiff in his lifetime, and can give no aid to an execution issued upon a judgment rendered in his name after his death.

[5] The judgment against the surety on the supersedeas bond being void, all subsequent proceedings were void, subject to attack directly or collaterally. The sale being void, the court had power to vacate it of his own motion, when such fact came to his attention. Having granted the motion, his action will not be disturbed in such case, whatever ground may have been stressed or acted upon as the reason therefor.

We now have a statute protecting the purchaser under void process in case the defendant is present not objecting to the sale, and the proceeds are applied to a valid lien against him. Code, § 7847. Here there was neither a valid lien nor want of objection on the part of the surety against such sale.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.