14 So.2d 116

### GRIFFIN v. PROCTOR.

### 6 Div. 64.

Supreme Court of Alabama.

April 8, 1943.

Rehearing Denied June 30, 1943.

538

Earl McBee, of Birmingham, and Powell, Albritton & Albritton, of Andalusia, for appellant.

Powell & Fuller, of Andalusia, for appellee.

LAWSON, Justice.

The appellee, George H. Proctor, as administrator de bonis non of the estate of A. W. Woodham, deceased, filed a motion or petition, on the equity side of the Circuit Court of the Tenth Judicial Circuit, to vacate and set aside a final decree rendered in that court in the case of Barley v. Wright et al., 233 Ala. 283, 171 So. 247, in so far as that decree "adjudicates any right of or liability against the said A. W. Woodham, or his estate," on the ground that said final decree was to that extent void in that at the time it was rendered, A. W. Woodham was dead and that upon the death of Woodham the suit abated as to him.

The court below decreed that the final decree in the case of Barley v. Wright et al., supra, was null and void in so far as it affected the estate of A. W. Woodham, deceased.

The appellant, who is the administrator of an adverse party, evidently being uncertain as to whether appeal was the proper mode of securing a review of the trial court's action in declaring the said final decree null and void, has presented this case here by appeal or in the alternative on petition for mandamus.

Appellant's apprehension as to the proper method of presenting such a question to this court is, we think, well founded in view of the real or apparent conflict in our decisions.

We have carefully reviewed all the decisions which have come to our attention relating to the proper method of securing a review by this court from such action of the trial court. In Broyles v. Maddox, 43 Ala. 357, it was held that where a trial court vacates an original decree and in the order of vacation also grants a new trial, the remedy is by petition for mandamus and not by appeal. In Ex parte Morris & Blair, 44 Ala. 361, appeal was held to be the proper method for the reason that the trial court merely vacated the original decree and did not grant a new trial. In Bruce's Executrix v. Strickland's Adm'r, 47 Ala. 192, appeal was held to be the proper mode of review by this court of a decree of the lower court merely vacating the original decree. In Tabor v. Lorance,

53 Ala. 543, the decree from which the appeal was taken to this court not only vacated the original decree, but also expressly permitted the parties to appear and make defense in the original cause. The distinction which was made in the case of Ex parte Morris & Blair, supra, was not made in this case. Appeal was held to be the proper method of review.

This procedural question does not seem to have been expressly dealt with again until the decision in the case of Johnson v. Dismukes, 104 Ala. 520, 16 So. 424, in which case an appeal was taken to this court from an order of the lower court setting aside and vacating a judgment of the circuit court ordering a sale of land under execution from a justice of the peace which had been previously entered. Upon submission here the appellee moved to dismiss the appeal on the ground that the judgment appealed from was not such a final judgment as would support an appeal. This court, although finding that the lower court correctly vacated the original decree, which was void on its face, held that the motion to dismiss the appeal should have been granted for the reason that such judgments or orders are not final in any proper sense of the term.

Appeal was held to be the proper method of review in the case of Gartman et al. v. Lightner et al., 160 Ala. 202, 49 So. 412, by a majority of the court. The effect of that decision is that this court should entertain an appeal from an order or decree vacating a former decree for the purpose of determining whether or not the original decree was void. In this case it was determined that the original decree, while perhaps irregular, was not void and, therefore, the vacating decree was void and hence would not support an appeal and the appeal was, therefore, dismissed. To like effect is the decision in the case of Singo v. McGhee, 160 Ala. 245, 49 So. 290.

In a number of cases we have entertained appeals and in other cases petitions for mandamus without expressly dealing with the procedural question. We have entertained an appeal in the following cases without considering the question as to whether or not the appellant had pursued the proper remedy: Laird, Adm'r, v. Reese, 43 Ala. 148; Petty v. Britt's Legatees, 46 Ala. 491; Pettus, Adm'r, v. McClannahan, 52 Ala. 55; Buchanan v. Thomason, 70 Ala. 401; Stevenson v.

Murray, 87 Ala. 442, 6 So. 301; Chamblee et al. v. Cole, 128 Ala. 649, 30 So. 630; Hobson-Starnes Coal Co. v. Alabama Coal & Coke Co., 189 Ala. 481, 66 So. 622; Campbell v. Beyers, 189 Ala. 307, 66 So. 651.

The trial court's action in vacating a judgment or decree on the ground that it was void has been here considered on original petition for mandamus filed in this court without any discussion of the procedural question. Ex parte Massie, 131 Ala. 62, 31 So. 483, 56 L.R.A. 671, 90 Am. St.Rep. 20; Ex parte City Bank & Trust Co., 200 Ala. 440, 76 So. 372; State ex rel. St. Peter's M. Baptist Church v. Smith, Judge, 215 Ala. 449, 111 So. 28.

In view of the conflict which is apparent in the above referred to cases, we feel constrained to here set out what we think to be the proper mode of presenting to this court for review the action of the trial court on a motion or petition to vacate an alleged void decree.

Where the motion to vacate the original decree is granted and a new trial is ordered, or the original cause is in any wise reinstated for further proceedings, the correct method of review is by mandamus.

In a case where the motion to vacate the original decree is granted, but the effect of the vacating decree is not to reinstate the original cause for further proceedings, the proper remedy is by appeal.

We do not agree with the conclusion reached in the case of Gartman et al. v. Lightner et al., supra, to the effect that the appeal must be dismissed where it is determined here that the original decree was improperly vacated. We are of the opinion that the mere fact that we determine that the original decree was valid does not necessarily result in the vacating decree being void and, therefore, incapable of supporting an appeal. We are of the opinion that where the original decree is found to be valid the vacating decree is merely erroneous and will support an appeal. Baker v. Barclift, 76 Ala. 414, 417.

There seems to be no conflict in our cases as to the proper mode of review where the trial court has refused to vacate the original decree. The remedy is by appeal. Johnson v. Johnson's Administrator, 40 Ala. 247; Satcher v. Satcher's Adm'r, 41 Ala. 26, 91 Am.Dec. 498; Sweeney et al. v. Tritsch, 151 Ala. 242, 44 So. 184; Hynes et al. v. Underwood, et al., 191 Ala. 90, 67 So. 994.

The decree from which the appeal was taken in this case does not have the effect of reinstating the original cause. It merely declared the original decree null and void in so far as it affected the deceased respondent—cross-complainant, A. W. Woodham—and his estate. We are of the opinion, therefore, that appeal is the proper mode of review in this case. The petition for mandamus, therefore, need not be considered.

It is well settled that where a decree has been rendered which is void on the face of the record, the court rendering it possesses the inherent power, and should, on motion, vacate said decree. Johnson v. Johnson's Adm'r, supra; Buchanan v. Thomason, supra; Chamblee et al. v. Cole, supra; Sweeney et al. v. Tritsch, supra; State ex rel. St. Peter's M. Baptist Church v. Smith, Judge, supra. While as a general rule the court's authority is limited to matters which appear on the face of the record, such limitation is not applicable in the event of the death of either party when the judgment or decree was rendered. Johnson v. Johnson's Adm'r., supra; Buchanan v. Thomason, supra. In the Johnson case it was said: "The true rule seems to be, that any court should, on a proper application, vacate any final order, decree, or judgment, at any time subsequent to its rendition, if the same is void on the face of the proceedings and record; but not where it appears to be void from facts dehors the record, except in the case of the death of either party to the suit or proceeding, at the time the judgment or decree is rendered, and in such other cases as may be authorized by long practice, or by statute." Campbell v. Beyers, supra; Ex parte City Bank & Trust Co., supra.

The rule has been for many years in this jurisdiction that a judgment in favor of or against a dead man is void, and not merely voidable. McDonald v. Womack, 214 Ala. 309, 107 So. 812; Ex Parte Massie, 131 Ala. 62, 31 So. 483, 56 L.R.A. 671, 90 Am.St.Rep. 20; Powe v. McLeod, 76 Ala. 418; Chapman v. Chapman, 194 Ala. 518, 70 So. 121; Hood v. Mobile Bank, 9 Ala. 335.

The determination of the question as to whether or not the lower court erred in rendering the decree from which the appeal

542

was perfected to this court necessarily requires a consideration of the question as to whether or not the final decree in the case of Barley v. Wright et al., supra, is void.

The record in the case of Barley v. Wright et al., supra, is not set out in this record, but reference is made thereto in the motion. This court will sometimes examine the record on another appeal to ascertain the issues of law there involved and the result and its influence on the question here presented. This practice has been followed when the proceedings refer to the record on former appeal and when such record is that which was before the trial court in the instant case and there considered. Crossland v. First National Bank of Montgomery, 233 Ala. 432, 172 So. 255; Cogburn v. Callier, 213 Ala. 38, 104 So. 328; Catts v. Phillips, 217 Ala. 488, 117 So. 34. Being so authorized, we have examined the record on former appeal.

In 1933, Mary W. Barley filed in the Circuit Court of Jefferson County, in Equity, a bill for rescission against P. D. Wright, Sarah A. Wright, A. D. Griffin, J. W. Griffin, A. W. Woodham, and Catherine P. Woodham. A. W. Woodham filed a cross bill.

The original bill sought a rescission of a contract for the exchange of real estate consummated between Mary W. Barley and her co-partner, A. W. Woodham, on the one hand, and respondents P. D. Wright and A. D. Griffin on the other hand, on November 1, 1932. Complainants Barley and Woodham were purchasing the property in Haleyville, Alabama, known as the Cleere Hotel, and the ground for rescission was rested upon certain alleged fraudulent representations by P. D. Wright, the one in active charge, as to the previous earnings of the property so acquired.

A. W. Woodham, as before stated, was made a party respondent and filed a cross-bill, likewise seeking rescission and cancellation on practically the same grounds as stated in the original bill. The cross-bill also prayed "that a decree of reference be ascertained to state an account, if any, between the original complainant and your cross-complainant and the respondents to the original bill." The answer denied any fraudulent representations, insisted the dealings were in entire good faith, and that the bill was merely an effort to withdraw on what subsequently proved to be an unprofitable business deal.

A. W. Woodham died after the cause was at issue and after his testimony had been given before the commissioner, but before final decree. His death was made known to the court by his counsel, Hon. Roy Mayhall, who filed a formal notice to that effect. The trial court thereupon rendered the following decree or order:

"It having been made known to the court that A. W. Woodham, the Respondent and Cross-Complainant in this case, has departed this life, and that there has been no administrator appointed to represent his estate, and that an administrator ad litem should be appointed to act and represent his estate in this proceeding, and that heretofore Roy Mayhall, an attorney at law had represented the said decedent in this proceeding, and that he would be a suitable person to be appointed by this court as administrator ad litem of the estate of A. W. Woodham, deceased,

"It is therefore by the Court, ordered, adjudged and decreed that the said Roy Mayhall be, and he is hereby appointed, Administrator Ad Litem to represent the said Estate of A. W. Woodham, deceased in these proceedings."

Upon consideration of the cause for final decree on pleadings and proof, the Chancellor denied relief to both complainant and cross-complainant, dismissing their bills. This decree, rendered on September 27, 1935, is in pertinent part as follows:

"This cause coming on to be heard, was submitted for final decree upon the pleadings and proof as noted by the Register. Upon consideration thereof, the Court is of the opinion that the relief prayed for in the Bill of Complaint and the relief prayed for in the cross-bill should separately and severally be denied. It is therefore,

"Ordered, Adjudged and decreed by the Court that the Complainant, Mary W. Barley and the Cross Complainants, A. W. Woodham and Catherine P. Woodham be and they are hereby separately and severally denied the relief prayed for in their bill and cross bill separately and severally * * *."

From this decree the complainant Barley appealed to this court. No appeal was taken by the administrator ad litem of the estate of A. W. Woodham, one of respondents and cross-complainant. The decree of the trial court as to the original bill was here affirmed. Barley v. Wright et al., supra.

The decree from which the present appeal was taken is in some respects ambiguous, but we construe it as vacating the final decree rendered in the case of Barley v. Wright et al., supra, on September 27, 1935, although the date of the original decree is incorrectly stated in the vacating decree.

Upon the death of A. W. Woodham, the suit in so far as he was concerned abated. The validity of the original decree rendered in the case of Barley v. Wright et al., supra, therefore depends upon whether or not the suit could be legally revived in the name of the administrator ad litem. While the decree recites "the complainant Mary E. Barley and the cross-complainants A. W. Woodham and Catherine P. Woodham be and they are hereby separately and severally denied the relief prayed for in their bill and cross bill separately and severally," we believe that the decree should be construed as denying the relief to the administrator ad litem. If a judgment is ambiguous as to the identity of the parties in the capacity in which they sue, the judgment will be read in the light of the pleadings and other parts of the record. 34 C.J. 504; Bolling v. Speller, 96 Ala. 269, 11 So. 300; Adams et al. v. Bibby, et al., 194 Ala. 652, 69 So. 588.

In equity the rule is that when a party to a suit dies, it abates, but that, if his interest is transmitted to a representative which the law gives or ascertains as an heir at law or an executor or administrator, the suit may be continued by a bill of revivor. Cullum v. Batre's Ex'rx, 2 Ala. 415; Doe ex dem. Duval's Heirs v. McLoskey, 1 Ala. 708; Bowie v. Minter, 2 Ala. 406.

The decree wherein Mayhall was made administrator ad litem to represent the estate of A. W. Woodham was rendered prior to the effective date of the Code of 1940. Our statutes at that time provided a speedy and summary remedy of revival in equity, taking the place of a bill of revivor. Section 6552, Code of 1923; Rules of Chancery Practice, 101 et seq. To like effect is Equity Rule 35, Title 7, Appendix page 1080, Code of 1940.

Under our statutes, and the construction placed thereon by our cases, if the right sought to be enforced is not descendible, the suit may not be revived after the death of the complainant or cross-complainant, as the case may be. Ex parte Liddon, 225 Ala. 683, 145 So. 144; Leedy v. Taylor, 231 Ala. 317, 164 So. 820.

As before pointed out, the cross-bill filed by Woodham not only sought rescission and cancellation, but also sought an accounting between the parties. We are of the opinion that both causes of action survived the death of Woodham. Wynn as Adm'r, v. Tallapoosa County Bank, 168 Ala. 469, 53 So. 228; Walling v. Thomas et al., 133 Ala. 426, 31 So. 982; Waddell, Adm'r, v. Lanier et al., 62 Ala. 347.

Appellee contends, however, that the suit could not be legally revived in the name of the administrator ad litem, insisting that it could only have been revived in the name of a general administrator or the heirs at law.

Section 165, Title 61, Code of 1940, is as follows: "When, in any proceeding in the probate or circuit court, or other court having equity jurisdiction, the estate of a deceased person must be represented, and there is no executor or administrator of such estate, or he is interested adversely thereto, it shall be the duty of the court to appoint an administrator ad litem of such estate for the particular proceeding, without bond, whenever the facts rendering such appointment necessary shall appear in the record of such case, or shall be made known to the court by the affidavit of any person interested therein."

The decree of the court appointing the administrator ad litem sufficiently shows that facts appeared in the record which rendered the appointment of an administrator necessary. The question is whether or not a suit of this nature can be legally revived in the name of an administrator ad litem or must be revived in the name of a general administrator.

We are of the opinion that when a complainant or cross-complainant dies pending the trial of an equity suit, the suit may be revived in the name of the administrator ad litem when there is no executor or administrator or if the executor or administrator is interested adversely, provided the cause of action is one which is vested in the personal representative rather than the heirs at law. Such is the effect of the decision in the case of Wynn v. Hoffman et al., 203 Ala. 72, 82 So. 32, and the trial court had the right to determine those questions, and when he did so his judgment was within his legal authority

**544**

and is not void if the action survives. Baker v. Barclift, supra.

The heirs at law of Woodham should have been made parties to the suit in so far as the bill sought rescission of the contract and cancellation of the deeds, but we do not construe the decree as in any way affecting their rights. McKay v. Broad, 70 Ala. 377; Chapman v. Chapman, supra; Waddell, Adm'r, v. Lanier et al., supra.

However, the failure to revive in the name of the heirs at law does not render the decree void inasmuch as the suit was revived in the name of the administrator ad litem, who was the proper complainant in so far as the bill sought an accounting. Wynn, as Adm'r, v. Tallapoosa County Bank, supra.

As before indicated, we do not think the original decree in the case of Barley v. Wright et al. was void. The trial court, therefore, erred in decreeing that it should be vacated.

Nothing that is said herein is intended to affect in any way any rights which the heirs at law of Woodham, who were not parties to the suit, may have.

' Reversed and rendered.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.